UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:09CR-50-C

**COMMONWEALTH OF KENTUCKY**                    **RESPONDENT/PLAINTIFF**

**v.**

**JA-RON S. TEAGUE**                            **PETITIONER/DEFENDANT**

### MEMORANDUM OPINION

This matter is before the court on Ja-Ron S. Teague's petition to remove his criminal proceeding pursuant to 28 U.S.C. § 1443. For the reasons set forth below, the court will dismiss the petition and remand the action to state court.

### I.

Teague is currently incarcerated at the Jefferson County Detention Center. He alleges that he has been indicted on state court criminal action number 08-M-026411. He states that he is removing this action "pursuant to 28 U.S.C. § 1443(1) for civil rights denial of racial equality and denial of access to state courts due to political corruption." Teague further explains his claims:

> On or about March 23rd, 2009; the Defendant was scheduled for trial court at district court level under case number 08-M-026411 and was denied the right to enter the court; denied to speak to with trial counsel, Paul Ivie; in fact District Trial white Judge Donald Armstrong Jr. and all of Mike O'Connell's agents . . . acting in concerted efforts like in 08-F-012691 . . . dismissed the charge. Defendant states that he has been denied racial equality as they have plotted again to avoid being held accountable for all their civil rights violations.

### II.

A state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing for the equal civil rights of citizens of the United States . . . or
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Id.* "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Even if Teague could satisfy the first prong, *Rachel*, 384 U.S. at 804 (holding that allegations of a denial of rights under the Civil Rights Act of 1964 satisfied the first prong), his petition wholly fails to satisfy the second prong

2

because he fails to allege a "formal expression of state law," that prohibits his enforcing his federal rights in state court. Rather, it appears from Teague's petition that he believes that the state court officials have acted improperly in his case alone. This is insufficient to justify removal. "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). Because Teague has alleged only improper actions by select state officials operating outside of the law, the state appellate courts should be able to vindicate his rights. For these reasons, removal is not proper under § 1443(1).

Nor does Teague's criminal action satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights' has been examined and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Greenwood*, 384 U.S. at 815). As to the second clause of § 1443(2), "[i]t is clear that removal under that language is available only to state officers." *Greenwood*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We

3

believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Teague is not a federal officer or a person assisting a federal officer in the performance of his duties or a state officer, neither clause of § 1443(2) applies.

Teague's petition makes only unsupported conclusory statements of racial inequality. Furthermore, Teague has not asserted that there is a formal expression of state law preventing him from enforcing his rights in state court. Rather, it appears that Teague believes he has been the victim of targeted, individualized discrimination. Thus, removal is not proper under § 1443. As procedural guidance, however, the court advises that should Teague believe that his federal constitutional rights have been violated during his criminal proceeding, he should first exhaust his available state-court remedies and then file a federal habeas petition under 28 U.S.C. § 2254.

### III.

Because removal is not authorized under § 1443, this court is without jurisdiction to entertain Teague's criminal action at this time. Thus, the court will dismiss Teague's petition and summarily remand the action pursuant to 28 U.S.C. § 1446(c)(4).[1]

---

[1] Pursuant to § 1446(c)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

4

The court will enter an order consistent with this memorandum opinion.

Signed on  October 13, 2009

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**